IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

GOVERNMENT EMPLOYEES          )
INSURANCE COMPANY,            )
                              )
            Plaintiff,        )
                              )
      v.                      )          1:20-CV-1086
                              )
DANIEL LOYAL, et al.,         )
                              )
            Defendants.       )

## MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, District Judge.

The plaintiff Government Employees Insurance Company has moved for summary
judgment seeking entry of a declaratory judgment that it has no duty to defend or
indemnify defendants Lamar Charity, Charity Contract Hauling, LLC, or Mario
McIlwain in an underlying state lawsuit arising from a 2019 car accident. Because Mr.
Charity's GEICO policy excludes coverage based on the factual allegations in the
underlying complaint, the motion for summary judgment will be granted.

### I.  Background

Daniel and Wendy Loyal sued Mr. Charity, Mr. McIlwain, Charity Contract
Hauling, and others in Orange County Superior Court for serious injuries arising from a
May 2019 car accident. Doc. 70-1. They alleged that on May 17, 2019, Mr. McIlwain
fell asleep while operating a Hino box truck and rear-ended their vehicle on Interstate 85,
causing spinal injuries to Mr. Loyal that resulted in paraplegia. *Id.* at ¶¶ 51–54, 61.

The Loyals alleged that the Hino box truck was a commercial motor vehicle, *id.* at ¶ 30, and that Charity Contract Hauling, Mr. Charity, and others hired Mr. McIlwain to operate the Hino box truck to deliver furniture. *Id.* at ¶¶ 29, 33–34, 41. They did not allege that Charity Contract Hauling or Mr. Charity owned the Hino box truck, but they did allege that Mr. McIlwain was operating the box truck with the permission of Charity Contract Hauling and Mr. Charity, *id.* at ¶ 43, and under their "operating authority" for commercial motor vehicles. *Id.* at ¶ 32.

GEICO insured Mr. Charity under a personal automobile liability insurance policy issued in North Carolina for the period of January 4, 2019, to July 4, 2019. Doc. 36-2 at 1. The only vehicle listed as a covered automobile in the policy is Mr. Charity's 2019 BMW. *Id.* Mr. Charity, Charity Contract Hauling, and Mr. McIlwain demanded that GEICO defend and indemnify them in the state court litigation. Doc. 66 at 2. GEICO has defended them in state court under a reservation of rights. *Id.*

GEICO has brought this case against the plaintiffs in the underlying lawsuit, Daniel Loyal and Wendy Loyal, and some of the defendants in the underlying lawsuit, Mr. Charity, Mr. McIlwain, and Charity Contract Hauling. Doc. 36 at ¶¶ 2–6. GEICO seeks a declaratory judgment that: 1) Mr. Charity's personal automobile policy does not provide liability coverage for the May 19, 2019, accident, and 2) GEICO has no duty to defend Mr. Charity or any other person or entity against claims asserted in the underlying litigation. *Id.* at 9. Mr. Charity and Charity Contract Hauling failed to answer, plead, or otherwise respond to the amended complaint, and in September 2021, the Clerk of Court

2

entered default against them pursuant to Federal Rule of Civil Procedure 55(a). Docs. 45, 46.

In July 2022, GEICO filed a motion for summary judgment on its claims for declaratory relief. Doc. 65. All briefing is now complete.

## II. Subject Matter Jurisdiction

The Court has subject-matter jurisdiction based on diversity. *See* 28 U.S.C. § 1332. The plaintiff, GEICO, is incorporated and has its principal place of business in Maryland. Doc. 36 at ¶ 1. The remaining defendants are completely diverse: The Loyals and Mr. Charity are citizens and residents of North Carolina, Docs. 70-1 at ¶¶ 1–2, 36 at ¶ 4, Mr. McIlwain is a citizen and resident of South Carolina, Doc. 37 at ¶ 5, and Charity Contract Hauling's member is a citizen of North Carolina. Doc. 36 at ¶ 6. The amount in controversy requirement is satisfied as the policy limit without a set off is $100,000, Doc. 36-2 at 1, and in the underlying complaint the Loyals alleged Mr. Loyal suffered severe injuries from the 2019 car accident. *See* Doc. 70-1 at ¶ 61; *see, e.g., Nationwide Mut. Ins. Co. v. Nobles*, No. 20-CV-87, 2020 WL 6173545, at *2 (E.D.N.C. Oct. 21, 2020); *Nationwide Prop. & Cas. Ins. Co. v. Evans*, No. 17-CV-1956, 2018 WL 5886118, at *3 n.5 (D.S.C. Nov. 9, 2018) (collecting cases).

There have been other defendants whose citizenship is not clear, but those defendants have been dismissed.[1] This cures any potential problem with subject-matter

---

[1] GEICO initially also sued EAN Holdings, LLC, and Enterprise Leasing Company-Southeast, LLC, but voluntarily dismissed them before answer. Doc. 48. GEICO also sued FGO Delivers, LLC, but those parties filed a joint stipulation of dismissal. Doc. 77. No

jurisdiction. *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 572 (2004) (noting that "dismissal of the party that had destroyed diversity" is a "method of curing a jurisdictional defect [that has] long been an exception to the time-of-filing rule").

## III.   Summary Judgment

Summary judgment should be granted if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party has the initial burden of demonstrating the absence of any material issue of fact; once the moving party meets its initial burden, the non-moving party must come forward with evidentiary material demonstrating the existence of a genuine issue of material fact requiring a trial. *Ruffin v. Shaw Indus., Inc.*, 149 F.3d 294, 300–01 (4th Cir. 1998) (per curiam).

## IV.   The Policy

The policy provides that GEICO:

> will pay damages for bodily injury or property damage for which any insured becomes legally responsible because of an auto accident. . . . We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted. We have no duty to defend any suit or settle any claim for bodily injury or property damage not covered under this policy.

Doc. 36-2 at 6. An "insured" is defined as:

> 1.   You or any family member for the ownership, maintenance or use of any auto or trailer.

---

other party objected to the dismissal. *See* Text Order 9/15/22. To the extent that the joint stipulation of dismissal is not sufficient, the Court construes it as a motion to dismiss and will dismiss the claims against FGO.

2. Any person using your covered auto.
3. For your covered auto, any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under this Part.
4. For any auto or trailer, other than your covered auto, any person or organization but only with respect to legal responsibility for acts or omissions of you or any family member for whom coverage is afforded under this Part. This provision applies only if the person or organization does not own or hire the auto or trailer.

*Id.* In the definitions section, the policy provides that:

Throughout this policy, "you" and "your" refer to:

1. The "named insured" shown in the Declarations; and
2. The spouse if a resident of the same household. . . .

"Family member" means a person related to you by blood, marriage or adoption who is a resident of your household. . . .

"Your covered auto" means:

1. Any vehicle shown in the Declarations.
2. Any newly acquired auto.
3. Any trailer you own.
4. Any auto or trailer not owned by you while used as a temporary substitute for any other vehicle described in this definition which is out of normal use because of its:
   a. breakdown;
   b. repair;
   c. servicing;
   d. loss; or
   e. destruction. . . .

"Newly acquired auto" means any of the following types of vehicles you become the owner of during the policy period:

1. a private passenger auto or station wagon type; or
2. a pickup truck or van that:
   a. has a Gross Vehicle Weight as specified by the manufacturer of less than 10,000 pounds; and
   b. is not used for the delivery or transportation of goods and materials unless such use is:

5

> 1) incidental to your business of installing, maintaining or repairing furnishings or equipment; or
> 2) for farming or ranching.

*Id.* at 5–6.

The policy also contains several exclusions. As is relevant here, the policy provides that:

> A. We do not provide Liability coverage for any insured . . .
>
>> 6. While employed or otherwise engaged in the business of:
>>     a. selling;
>>     b. repairing;
>>     c. servicing;
>>     d. storing; or
>>     e. parking;
>
> vehicles designed for use mainly on public highways. This includes road testing and delivery. This exclusion does not apply to the ownership, maintenance or use of your covered auto by:
>>     a. you;
>>     b. any family member; or
>>     c. any partner, agent or employee of you or any family member.
>
>> 7. Maintaining or using any vehicle while that insured is employed or otherwise engaged in any business (other than farming or ranching) not described in Exclusion 6. This exclusion does not apply to the maintenance or use of a:
>>     a. private passenger auto;
>>     b. pickup or van that:
>>             1. You own; or
>>             2. You do not own while used as a temporary substitute for your covered auto which is out of normal use because of its:
>>                     a. breakdown;
>>                     b. repair;
>>                     c. servicing;
>>                     d. loss; or
>>                     e. destruction; or
>>     c. trailer used with a vehicle described in a. or b. above.

*Id.* at 6–7.

6

## V. Analysis

### a. Governing Law

The GEICO policy contains a choice of law provision that states "[a]ny and all claims or disputes in any way related to this policy shall be governed by the laws of North Carolina." Doc. 36-2 at 24. The parties appear to agree that North Carolina law controls. *See* Doc. 70 at 8 (discussing construction of insurance policies under North Carolina law); Doc. 71 at 2 (citing a North Carolina statute).

### b. Abstention

The Loyals contend the Court in its discretion should abstain from hearing this declaratory judgment action. They assert abstention is appropriate, *inter alia*, because the Court must resolve overlapping legal and factual issues central to the underlying state litigation and GEICO has not joined all necessary parties in this litigation. Doc. 70 at 4–6.

Under the Declaratory Judgment Act, a district court "may declare the rights and other legal relations of any interested party seeking such declaration whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). There is "nothing automatic or obligatory about the assumption of jurisdiction by a federal court to hear a declaratory judgment action" as district courts have "discretion in determining whether and when to entertain an action under the Declaratory Judgment Act." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282, 288 (1995) (cleaned up); *see also United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 493 (4th Cir. 1998) (collecting cases). Exercise of this discretion "is appropriate when the judgment will serve a useful purpose in clarifying and settling the

7

legal relations in issue, and when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *United Capitol*, 155 F.3d at 493 (cleaned up).

When parallel actions are pending in state court, district courts must account for "considerations of federalism, efficiency, and comity" when deciding to exercise jurisdiction over a declaratory judgment action. *Id.* (citation omitted). The Fourth Circuit has articulated four factors for consideration:

> (1) whether the state has a strong interest in having the issues decided in its courts; (2) whether the state courts could resolve the issues more efficiently than the federal courts; (3) whether the presence of overlapping issues of fact or law might create unnecessary entanglement between the state and federal courts; and (4) whether the federal action is mere procedural fencing, in the sense that the action is merely the product of forum-shopping.

*Id.* at 493–94 (cleaned up); *accord Trustgard Ins. Co. v. Collins*, 942 F.3d 195, 202 (4th Cir. 2019).

Taking those factors into account, abstention is not appropriate here. *See Penn-Am. Ins. Co. v. Coffey*, 368 F.3d 409, 412–15 (4th Cir. 2004) (holding under similar circumstances a district court abused its discretion by abstaining). Abstention will not particularly advance the state's interests; GEICO is not a party in the underlying litigation nor is insurance coverage at issue there, *see id.* at 414, and the state law issues are standard and "unlikely to break new ground." *See United Capitol*, 155 F.3d at 494. Nor is there any evidence the state courts would resolve the insurance coverage issue more efficiently or that GEICO has engaged in forum-shopping. GEICO has raised a "live and

8

serious question" as to the extent of its coverage obligations to Mr. Charity and other defendants. *See Coffey*, 368 F.3d at 414.

A declaratory judgment as to the duty to defend will not require any factfinding by this court and does not raise potential entanglement problems. Under North Carolina law, "[i]n determining whether an insurer has a duty to defend, the facts as alleged in the [underlying] complaint are . . . taken as true and compared to the language of the insurance policy." *Harleysville Mut. Ins. Co. v. Buzz Off Insect Shield, L.L.C.*, 364 N.C. 1, 7, 692 S.E.2d 605, 611 (2010). "If the insurance policy provides coverage for the facts as alleged, then the insurer has a duty to defend." *Id.* Thus, to determine GEICO's duty to defend the Court need only look to the factual allegations in the underlying complaint. *See Van Laningham v. Allied Ins.*, No. 16-CV-948, 2020 WL 3470254, at *2–3 (M.D.N.C. June 25, 2020) (comparing underlying complaint and relevant policy to determine duty to defend on motion for summary judgment); *Colony Ins. Co. v. Buckeye Fire Equip. Co.*, No. 19-CV-534, 2020 WL 6152381, at *2–4 (W.D.N.C. Oct. 20, 2020) (same), *aff'd per curiam*, No. 20-2208, 2021 WL 5397595 (4th Cir. Nov. 18, 2021); *Westfield Ins. Co. v. Nautilus Ins. Co.*, 154 F. Supp. 3d 259, 264–67 (M.D.N.C. 2016) (same). Nor is there a risk of conflicting findings of law; insurance coverage is not at issue in the underlying litigation and the Court need not resolve legal questions that are relevant there, such as Mr. McIlwain's status as an employee. *See Coffey*, 368 F.3d at 413. The Loyals have not explained how the absence from this litigation of all parties to the state court case might make a difference.

Case 1:20-cv-01086-CCE-JLW Document 79 Filed 09/20/22 Page 9 of 14

There is likewise no risk of conflicting decisions about the facts or the law as to the duty to indemnify. An insurer's duty to indemnify is decided by "the facts as determined at trial . . . compared to the language of the insurance policy," *Buzz Off*, 692 S.E.2d at 611, but here the coverage issues can be resolved by taking the facts alleged in the underlying state case as true. If the facts as alleged fall outside a policy's coverage and do not allege a duty to defend, no factfinding is necessary to determine an insurer's duty to indemnify. *See Coffey*, 368 F.3d at 413; *N.C. Farm Bureau Mut. Ins. Co. v. Phillips*, 255 N.C. App. 758, 764, 805 S.E.2d 362, 365 (2017); *Hartford Cas. Ins. Co. v. Davis & Gelshenen, LLP*, 801 F. App'x 915, 917 (4th Cir. 2020) (per curiam); *Hartford Cas. Ins. Co. v. Ted A. Greve & Assocs., PA*, 742 F. App'x 738, 740–41 (4th Cir. 2018) (per curiam); *Liberty Corp. Cap., Ltd. v. Delta Pi Chapter of Lambda Chi Alpha*, No. 9-CV-765, 2012 WL 3308371, at *3 (M.D.N.C. Aug. 13, 2012); *Van Laningham*, 2020 WL 3470254, at *2. As discussed *infra*, coverage is excluded when comparing Mr. Charity's policy to the facts as alleged in the underlying complaint. Since "there is no duty to defend, there is no duty to indemnify 'because the allegations, even when taken as proved, . . . fall outside the policy's coverage.'" *Liberty Corp.*, 2012 WL 3308371, at *3 (quoting *Coffey*, 368 F.3d at 413).

In sum, the ongoing parallel state proceeding is not, by itself, a sufficient reason to abstain. This declaratory judgment action will clarify GEICO's obligations to Mr. Charity, Charity Contract Hauling, and Mr. McIlwain in the underlying litigation and the factors identified by the Fourth Circuit do not favor abstention. The Loyals do not explain why the other defendants in the state court action are necessary parties to this

10

action, and their interests are not affected. The Court will in its discretion exercise jurisdiction over this declaratory judgment action.

### c. Duty to Defend and Duty to Indemnify

Under North Carolina law, interpretation of the language in an insurance policy is a question of law for the court. *See, e.g.*, *N.C. Farm Bureau Mut. Ins. Co. v. Mizell*, 138 N.C. App. 530, 532, 530 S.E.2d 93, 95 (2000). "[T]he object of construing an insurance policy is to arrive at the insurance coverage intended by the parties when the policy was issued." *Buzz Off*, 692 S.E.2d at 612 (cleaned up). Provisions in an insurance policy that exclude coverage are construed narrowly, as the insurer "is the party that selected the words used," but only when the provisions are ambiguous. *See id.*; *State Cap. Ins. Co. v. Nationwide Mut. Ins. Co.*, 318 N.C. 534, 538, 350 S.E.2d 66, 68 (1986).

An insurer's duty to defend is determined by comparing the underlying complaint and relevant insurance policies side-by-side to decide whether the factual allegations, taken as true, are covered or excluded. *Buzz Off*, 692 S.E.2d at 610. The insurer has a duty to defend unless "the facts [alleged] are not even arguably covered by the policy." *Waste Mgmt. of Carolinas, Inc. v. Peerless Ins. Co.*, 315 N.C. 688, 692, 340 S.E.2d 374, 378 (1986); *accord Crandell v. Am. Home Assurance Co.*, 183 N.C. App. 437, 440, 644 S.E.2d 604, 606 (2007).

As discussed *supra* at p. 9, when the facts as alleged fall outside a policy's coverage, no factfinding is necessary to determine an insurer's duty to indemnify. *See, e.g.*, *Coffey*, 368 F.3d at 413. The duty to defend is broader than the duty to indemnify, *Buzz Off*, 692 S.E.2d at 610–11; *Kubit v. MAG Mut. Ins. Co.*, 210 N.C. App. 273, 278–

11

79, 708 S.E.2d 138, 145 (2011), and "if there is no coverage when the alleged facts are accepted as true, there certainly won't be coverage when those same facts become subject to dispute." *Van Laningham*, 2020 WL 3470254, at *2.

Here, based on the facts alleged in the underlying complaint, GEICO has no duty to defend or indemnify Mr. Charity, Charity Contract Hauling, or Mr. McIlwain in the underlying litigation. The underlying complaint alleges that Mr. McIlwain rear-ended the Loyals while operating a commercial motor vehicle, the Hino box truck, to deliver furniture, Doc. 70-1 at ¶¶ 30, 51–54, that Charity Contract Hauling and Mr. Charity, *inter alia*, hired Mr. McIlwain as an employee to operate the Hino box truck, and that he was operating the "commercial motor vehicle in interstate commerce" with their permission and under their "operating authority." Doc. 70-1 at ¶¶ 31–34, 41, 43. In the underlying complaint, the Loyals do not allege that Mr. Charity or Charity Contract Hauling owned or maintained the Hino box truck.

Comparing the facts as alleged in the underlying litigation with Mr. Charity's personal automobile insurance policy, coverage is excluded. Mr. Charity's policy specifically excludes coverage when an insured[2] uses or maintains a vehicle "while that insured is employed or otherwise engaged in any business." Doc. 36-2 at 7. While that exclusion does not apply to vehicles used in farming or ranching, a "private passenger auto," or a "pickup or van" that the insured owns or that is used as a "temporary

---

[2] An "insured" can be "any person or organization" driving a vehicle that is not covered by the insurance policy, such as Mr. McIlwain, "but only with respect to legal responsibility for acts or omissions of [Mr. Charity] or any family member for whom coverage is afforded under this Part." Doc. 36-2 at 6.

substitute for [an insured's] covered auto," *id.*, none of those exceptions apply here. Mr. McIlwain was allegedly operating a commercial motor vehicle, the Hino box truck, to deliver furniture as an employee of, *inter alia*, Charity Contract Hauling and Mr. Charity. In other words, the Hino box truck was used for Mr. Charity's business, and there are no allegations the vehicle was used for farming or ranching, that it was a private passenger auto, that it was a pickup or van that Mr. Charity owned, or that it was used as a temporary substitute for his covered auto.

The Loyals have not addressed this exclusion and contend the GEICO policy applies to Mr. Charity because his potential liability in the underlying lawsuit arises from "the ownership, maintenance, or use of any auto" involved in an auto accident.[3] Doc. 70 at 9. The broad language they point to, Doc. 36-2 at 6, applies only when the policy holder or his family member owns, maintains, or uses an automobile or trailer. On these alleged facts, Mr. McIlwain was driving a Hino box truck, not an automobile or trailer, and there are no allegations that Mr. Charity owned or maintained the box truck. Even if this policy language did apply, it would not supersede the policy's explicit exclusion for the maintenance or use of vehicles engaged in any business subject to specific exceptions not applicable here. *Id.* at 7.

Because the facts as alleged fall outside the policy's coverage, GEICO has neither a duty to defend nor a duty to indemnify Mr. Charity, Charity Contract Hauling, or Mr.

---

[3] The Loyals do not contend that Mr. Charity's policy provides coverage for Charity Contract Hauling or Mr. McIlwain. *See* Doc. 70. They assert the policy provides a duty to defend and indemnify Mr. Charity based on Mr. Charity's individual liability and liability under *respondeat superior*. *Id.* at 9.

13

McIlwain. Summary judgment as to GEICO's claims for declaratory relief is appropriate.

## VI. Conclusion

GEICO's motion for summary judgment on its claims for declaratory relief will be granted. While there is ongoing parallel litigation in state court, abstention is not warranted because, *inter alia*, there is no risk of conflicting findings of fact and law. Comparing the facts alleged in the underlying complaint to Mr. Charity's GEICO policy, coverage for the May 2019 accident is explicitly excluded. GEICO has neither a duty to defend nor indemnify Mr. Charity, Charity Contract Hauling, or Mr. McIlwain.

To the extent that GEICO & FGO's Joint Stipulation of Dismissal is procedurally deficient under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), *see* Doc. 77; Text Order 9/15/2022, the stipulation will be treated as a motion to dismiss and granted.

It is **ORDERED** that:

1. The plaintiff's motion for summary judgment, Doc. 65, is **GRANTED**.

2. Defendant FGO is DISMISSED as a defendant.

3. Judgment will be entered separately as time permits.

This the 19th day of September, 2022.

UNITED STATES DISTRICT JUDGE